UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY GERMOL EVANS,

    Plaintiff,

v.

MIKE RAINES, in his official capacity,
56TH DISTRICT COURT/CIRCUIT
COURT, GREGORY N. VELTEMA, in
his personal capacity,

    Defendants.

_____/

Case No. 1:05-CV-623

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Gregory N. Veltema's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Also before the Court is Defendant 56th District Court/Circuit Court's Motion to Dismiss under Rule 12(b)(6), Defendant Mike Raines' Motion for Summary Judgment and to Dismiss,[1] and Plaintiff Jeffrey Germol Evans' Motion to Amend his Complaint. For the reasons set forth below, the Court will grant Defendants Veltema and Raines' Motions for Summary Judgment and Defendant 56th District Court/Circuit Court's Motion to Dismiss and for Summary Judgment. The Court will deny Plaintiff's Motion to Amend his Complaint.

**I.    BACKGROUND**

Plaintiff filed this lawsuit pursuant to Title 42 of the United States Code, section 1983, and claims that Defendants deprived him of the rights, privileges, and immunities guaranteed by the United States Constitution. In support of his Complaint, Plaintiff avers the following. In June 2005, Plaintiff

---

[1] Technically, Defendant 56th District Court/Circuit Court has titled its Motion as seeking dismissal and summary judgment, however, nowhere in the Motion does it make any summary judgment arguments. Rather, Defendant 56th District Court/Circuit Court cites Rule 12(b)(6) as the applicable standard of review for its Motion and contends Plaintiff has failed to state a claim against it. Accordingly, the Court will construe the Motion as seeking dismissal only.

was confined in the Eaton County Jail and criminal charges were pending against him.  On June 20, 2005, Plaintiff met with his lawyer, Defendant Veltema, to discuss his case.  Plaintiff and Defendant Veltema convened in the Jail's hallway.  Plaintiff claims he and Defendant Veltema began to discuss privileged information in the presence of other attorneys and prisoners, in close proximity to the prisoner holding cells.  Plaintiff claims (presumably from his own audible experience) that prisoners in the holding cells can hear and discern the contents of these hallway conversations.  Plaintiff alleges he asked Defendant Raines' deputies to provide him an interview room where he could meet with Defendant Veltema in private.  Plaintiff's request was denied.

Plaintiff believes the denial of his request for a private area to meet with his attorney violates the Constitution.  As for relief, Plaintiff seeks to preliminarily enjoin future discussions with his attorney from occurring in the above described fashion, $10,000 from each Defendant in compensatory damages, and $5,000 in punitive damages.

## II.     LEGAL STANDARDS

### A.     Summary Judgment

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file.  *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor."  *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

**B.     Failure to State a Claim upon Which Relief Can Be Granted**

Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Court must construe the complaint in a light most favorable to Plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether Plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in Plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res. Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Although Rule 12(b)(6) clearly affords Plaintiff some liberties, it does require more than the bare assertion of legal conclusions. *Bovee*, 272 F.3d at 361; *Gregory v. Shelby County Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The Complaint should give Defendants fair notice of what Plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)). With these principles in mind, the Court will address Defendants' Motions.

### III.   DISCUSSION

Because section 1983 is a vehicle for vindicating the deprivation of federal rights—rather than a source of substantive rights itself—the first step in an action under section 1983 is to identify the specific provision of the Constitution or federal right that Plaintiff was supposedly deprived of. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In Plaintiff's Complaint, he asserts that the denial of a private interview room to meet with his attorney invades upon his attorney-client privilege, and derivatively the Sixth Amendment to the United States Constitution. *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977). Defendants Veltema, Raines, and 56th District Court/Circuit Court have each moved to dispose of Plaintiff's claim on different theories, and the Court will address each motion individually.

### A.   Defendant Veltema's Motion for Summary Judgment

In order to state a claim under section 1983, Plaintiff must allege that the deprivation of his constitutional rights was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Defendant

Veltema is a private attorney and not a state actor. In order for a private party's conduct to be considered under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [Defendant Veltema] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

In his Complaint, Plaintiff makes no allegations of conduct on behalf of Defendant Veltema that could be fairly attributable to the state, *Lugar*, 457 U.S. at 937, and criminal defense attorneys, even if appointed by the state, are not section 1983 state actors when serving as advocates. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). In his Response, however, Plaintiff contends that Defendant Veltema conspired with state officials to deprive him of his constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). Defendant Veltema roundly disputes that allegation and has submitted his sworn affidavit to that effect. Plaintiff has presented no evidence to the contrary and has failed to satisfy his evidentiary burden at summary judgment. *See* FED. R. CIV. P. 56(e). Consequently, the Court will grant Defendant Veltema's Motion for Summary Judgment.

**B.     Defendant 56th District Court/Circuit Court's Motion to Dismiss**

Defendant 56th District Court/Circuit Court contends that it enjoys sovereign immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has generally understood the concept of sovereign immunity to mean that suits brought by private citizens against

a state government without its consent are prohibited by the Eleventh Amendment. *See, e.g., Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55-56 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984) (citing *Ex parte State of N.Y. No. 1*, 256 U.S. 490, 497 (1921)). The cloak of sovereign immunity does not extend to local political subdivisions (*i.e.*, county and municipal governments). *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Therefore, the most salient question for the Court to answer concerning Defendant 56th District Court/Circuit Court's claimed sovereign immunity is can it be considered an arm of the state? *Id.*

In answering this question, the Sixth Circuit Court of Appeals has counseled that the district court should examine: "(1) whether the state would be responsible for a judgment against the entity in question; (2) how state law defines the entity; (3) what degree of control the state maintains over the entity; and (4) the source of the entity's funding." *S.J. v. Hamilton County, Ohio* 374 F.3d 416, 420 (6th Cir. 2004) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999)). The most important factor of the aforementioned is the first: whether the state's treasury will be caused to pay the judgment. *Id.* (citing *Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003) (other citations omitted); *see also Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005). Defendant 56th District Court/Circuit Court has surprisingly offered no evidence as to whether the State of Michigan would be responsible for a money judgment against it. In the absence of such evidence, the Court is advised to consider whether entertaining suit against Defendant 56th District Court/Circuit Court is consistent with notions of dignity that would accompany its purported sovereign status. *S.J.*, 374 F.3d at 421 (citing *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002)).

One federal district court, on two separate occasions, has worked through this sovereign immunity/arm of the state analysis and found that Michigan county courts "are the 'adjudicative voice' of the State of Michigan, created pursuant to the Michigan Constitution and subject to the supervision

-6-

of the Michigan Supreme Court. As such, they are 'arms of the state,' entitled to the sovereign immunity provided to the State of Michigan itself." *Smith v. Oakland County Circuit Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004); *see also Geller v. Washtenaw County*, No. 04-72947, 2005 WL 3556247, at *8 (E.D. Mich. Dec. 29, 2005). This Court concurs with the *Smith* and *Geller* court's thorough and well-reasoned opinions and also believes that Michigan county courts enjoy sovereign immunity for the reasons articulated therein.

The Court, however, cannot end its inquiry here as Defendant 56th District Court/Circuit Court advises it is a hybrid court. That is, Defendant 56th District Court/Circuit Court's jurisdiction extends to both county and municipal matters. *See* MICH. COMP. LAWS § 600.401. The Sixth Circuit Court of Appeals examined Akron, Ohio's municipal court in *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988), and held it was entitled to sovereign immunity as an arm of the state. *Id.* at 419. In so holding the Court remarked:

> It cannot seriously be argued that an Ohio municipal court is indistinguishable from the municipal corporation in which it sits. The Akron Municipal Court is part of the Ohio state court system, established by the Ohio state legislature. OHIO REV. CODE § 1901.01. It is subject to the supervision of the Ohio Supreme Court. OHIO CONST. Art. IV, § 5. The municipal court may not be abolished by the city council, nor may the council expand or restrict the court's jurisdiction. *See State ex rel. Cherrington v. Hutsinpiller*, 112 Ohio St. 468, 147 N.E. 647 (1925). The territorial jurisdiction of the Akron Municipal Court is not coextensive with the city limits of Akron. OHIO REV. CODE § 1901.02(B). The employees of the Akron Municipal Court are not city employees subject to the authority of the Akron Civil Service Commission. *Dugan v. Civil Serv. Comm'n of Akron*, 9 Ohio App. 3d 218, 459 N.E.2d 618 (1983).

*Id.*; *see also Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997) (domestic relations court is an arm of the state of Ohio).

As in *Foster*, though serving some municipal judicial functions, Defendant 56th District Court/Circuit Court was established by the Michigan Legislature, MICH. CONST. Art. VI, § 1; MICH. COMP. LAWS §§ 600.8101 & 600.8126, and is subject to the supervision of the Michigan Supreme

Court. MICH. CONST. Art. VI, § 4. Employees of Michigan district courts are employees of Michigan's third branch and "are not employees of the county, city or other district control unit, even though they are paid by the district control unit." *Judges of 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). Accordingly, the Court believes that Michigan district courts are entitled to sovereign immunity because they also serve as Michigan's "adjudicative voice," are authorized under the Michigan Constitution, were created by the will of the Michigan Legislature, and are subject to the supervision of the Michigan Supreme Court. *Foster*, 864 F.2d at 419; *Mumford*, 105 F.3d at 270; *Smith*, 344 F. Supp. 2d at 1055; *Geller*, 2005 WL 3556247, at *8. Thus, Michigan district courts are "arms of the state" entitled to sovereign immunity.[2]

Plaintiff has also sought equitable relief against Defendant 56th District Court/Circuit Court and believes this portion of his Complaint can survive even if sovereign immunity is granted under the teachings of *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). The Court disagrees. When a claim is made directly against a state or its subdivisions (as opposed to its officers), and sovereign immunity has neither been waived, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985), nor abrogated, *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (Congress did not abrogate state sovereign immunity under section 1983), the state defendant is immune from suit "regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-01 (citing *Mo. v. Fiske*, 290 U.S. 18, 27 (1933)) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State.").

---

[2] In a similar fashion, sovereign immunity has been extended to municipal courts sitting in other states. *See Callahan v. Philadelphia*, 207 F.3d 668, 670-74 (3d Cir. 2000) (Pennsylvania); *Kelly v. Mun. Cts.*, 97 F.3d 902, 907-08 (7th Cir. 1996) (Indiana); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California).

The exception to sovereign immunity derived from *Ex Parte Young*, 209 U.S. at 159-60, applies to state officials, not the entity itself. *See* U.S. CONST. amend. XI (" . . . [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity . . . ."); *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (claimant needs to allege an equitable claim "that state officials be restrained from enforcing an order in contravention of controlling federal law . . . ."); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) (same). Plaintiff has not named any officials that allegedly acted on Defendant 56th District Court/Circuit Court's behalf to deprive him of his constitutional rights. Therefore, the Court will grant Defendant 56th District Court/Circuit Court's Motion to Dismiss.[3]

**C.     Defendant Raines' Motion for Summary Judgment and to Dismiss**

Defendant Raines is the Eaton County Sheriff and Plaintiff has sued him in his official capacity.

> Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690, n.55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

---

[3] Plaintiff has sought leave to amend his Complaint to include unknown sheriff deputies. Even if the Court were inclined to grant Plaintiff's request, his Complaint would still not allege that Defendant 56th District Court/Circuit Court's officials are operating in contravention of federal law. Sheriff deputies are counties employees, MICH. CONST. Art. VII, § 4; MICH. COMP. LAWS § 51.70, whereas court employees are employed by the state. *Judges of 74th Judicial Dist.*, 190 N.W.2d at 224. Furthermore, Plaintiff intends to name the unknown deputies in their official capacities and the amendment would be futile. *See infra* section C.

*Ky. v. Graham*, 473 U.S. 159, 166 (1985); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Thus, Plaintiff's suit against Defendant Raines is for all intents and purposes against Eaton County itself. In order to establish liability against a local government, Plaintiff must show his alleged constitutional deprivation was the result of some "policy or custom" attributable to the governmental entity. *Monell*, 436 U.S. at 690; *Graham*, 473 U.S. at 166.

In this case, the Eaton County Sheriff Department has an explicit policy covering an inmate's professional visitors, (*See* Def.'s Br. in Supp., Ex. 1), and there are five private areas where an inmate can meet with his attorney within the Eaton County Jail. (*See* Def.'s Br. in Supp., Ex. 2). Pursuant to the policy, an inmate is specifically allowed to meet with professional visitors at any time (*i.e.*, after-hours, weekend, and holiday visits are permitted) and he may do so in a private area. (*See id.*, Exs. 1 & 2). The decision to request a private interview room for a meeting with an inmate is the attorney's and an inmate may be denied a private meeting area for security reasons. Although Plaintiff's request for a private meeting area was denied, he has presented no evidence that the Eaton County Sheriff's Department has a policy or custom to deny such requests for illegitimate reasons. Accordingly, Plaintiff has failed to demonstrate that Eaton County was the moving force behind the alleged deprivation of his constitutional rights.[4] *Monell*, 436 U.S. at 690; *Graham*, 473 U.S. at 166. The Court will grant Defendant Raines' Motion for Summary Judgment.

Even assuming *arguendo* Plaintiff could articulate an injurious policy or custom attributable to Eaton County, liability would still not follow. Plaintiff has presented no evidence his attorney-client relationship was intruded upon by Defendant Raines, that the intrusion was purposeful, that his defense

---

[4] Plaintiff asserts that it is customary for attorneys to meet with their clients in the hallway. While this may be true, it is the attorneys' custom, not Eaton County's.

strategy was communicated to the prosecution, or that he otherwise suffered prejudice. *See Weatherford*, 429 U.S. at 558; *Sinclair v. Schriber*, 916 F.2d 1109, 1112-13 (6th Cir. 1990). The Court believes—were it required to reach the merits of Plaintiff's claim—his alleged violation of the Sixth Amendment is subject to summary judgment.

**IV.   CONCLUSION**

Therefore, the Court will grant Defendant Gregory N. Veltema's Motion for Summary Judgment, grant Defendant 56th District Court/Circuit Court's Motion to Dismiss, grant Defendant Mike Raines' Motion for Summary Judgment and to Dismiss, and deny Plaintiff Jeffrey Germol Evans' Motion to Amend his Complaint. A Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 4, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |